UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------
COLD SPRING HARBOR LABORATORY,  :   No. 09 cv 0661 (ADS) (AKT)

                       Plaintiff,   :   ECF Case

                                      :

   -  against –   :   **STIPULATED CONFIDENTIALITY ORDER**

                                      :

ROPES & GRAY LLP and   :
MATTHEW VINCENT,

                    Defendants.
---------------------------------------------------------------

The parties, plaintiff Cold Spring Harbor Laboratory ("CSHL"), and defendants Ropes & Gray LLP ("R&G") and Matthew P. Vincent ("Vincent") (collectively, the "Parties," each individually, a "Party"), recognize that certain documents and information produced or to be produced during discovery in the above-entitled action should be kept confidential, within the meaning of FED. R. CIV. P. 26(c), in order to protect the legitimate business interests of the Parties and the legitimate business interests of third parties from whom discovery will be sought, including third-party licensees of CSHL technology.

Therefore, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their undersigned counsel, that the following procedures shall govern document disclosure and production in the above-entitled action (the "Action").

    **1.  Types of Materials That May Be Designated**

    1.1   This Order shall govern all documents and other products of discovery, including any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, or

other written information, produced in response to discovery requests in this Action by Parties, as well as all documents, responses to requests for information, or other information exchanged by any of the Parties after January 1, 2009 involving the subject matter of the Complaint filed in this Action (hereafter, collectively, "Discovery Material").  In connection with discovery proceedings in this Action, any producing Party or producing third party (a "Supplying Party"), may designate any non-public document, material, or information as "Confidential" or "Highly Confidential" (collectively referred to as "Protected Material").

  (a) "Confidential Information" means any Discovery Material that the Supplying Party reasonably and in good faith believes contains (1) confidential information within the meaning of Fed. R. Civ. P. 26(c)(7) which is either personal in nature or used by the Supplying Party in, or pertaining to, its business and/or operation and that is not generally known, and which that Supplying Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence; and (2) all communications, opinions, and/or work product generated in connection with R&G's and/or Vincent's representation of CSHL.

  (b) "Highly Confidential Information" means any Confidential Information that the Supplying Party reasonably and in good faith believes to contain particularly sensitive scientific research, licensing, business, financial, market or other proprietary information, the disclosure of which information is likely to have the effect of causing harm to the Supplying Party.

  1.2 Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Highly Confidential or Confidential Information will also be

treated as Highly Confidential or Confidential, respectively, pursuant to this Confidentiality Order.

  1.3 Confidential Information shall not include any Discovery Materials that:

    a. Have been or become lawfully in the possession of the receiving Party through communications other than (1) production or disclosure in this Action, (2) production or disclosures between the Parties involving the subject matter of this Action on or after January 1, 2009 but prior to the commencement of this Action, or (3) productions or disclosures from other litigation; or

    b. Have been independently developed by the receiving Party, as reflected by written documentation demonstrated to be in existence prior to production by the Supplying Party claiming confidentiality; or

    c. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving Party or any of its authorized representatives or designees under this Confidentiality Order.  Nothing herein shall impose any restriction on the use or disclosure by a Party or a third party of its own documents or information.

**2 Designation of Confidential Information**

  2.1 Any Discovery Material that is to be designated "Highly Confidential" or "Confidential" may be so designated by the Supplying Party by providing copies of the Discovery Materials so designated that are stamped with the legend "Confidential" or "Highly Confidential," as appropriate.  In the case of documents produced on magnetic, optical, or other encoded media (except for images of hard copy documents), the Supplying Party shall affix the legend "Highly Confidential" or "Confidential," as appropriate, on the outside of the storage

medium (e.g., the magnetic disk enclosure or CD-ROM). A receiving Party desiring to make electronic copies of such media or portions thereof shall – if permitted to make such copies under the terms of this Confidentiality Order – affix the same designation on the copy as exists on the original, produced medium. A receiving Party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically – if permitted to make such copies under the terms of this Confidentiality Order – shall place on each page of such hard copy the same designation as is applicable to the electronically stored copy.

      2.2    In the event a Supplying Party may make available certain of its files for inspection by a Party (the "Inspecting Party"), which files may contain non-confidential material as well as material that may be subject to protection under this Confidentiality Order, with the intent that following such inspection the Inspecting Party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as Highly Confidential materials during the inspection. Only those persons identified in paragraph 4.2 below as permitted to view Highly Confidential material may be present at any such inspection. When the Supplying Party copies the documents to furnish to the Inspecting Party, the Supplying Party shall mark them with the appropriate confidentiality designation to the extent warranted under paragraph 1.1.

      2.3    With respect to any deposition or testimony, any Party or Supplying Party may designate as Highly Confidential or Confidential those portions of a transcript (including exhibits) that such Party or Supplying Party believes in good faith merit protection by any one of the following means:

          a.    Stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated; or

     b. Sending written notice to the receiving Parties and the court reporter within 14 calendar days of service of the deposition transcript (or of notification by the court reporter that the transcript is available) identifying those portions of the transcript to be so designated.  Deposition testimony shall be treated as "Highly Confidential" material at all times prior to service and during this 14-day period.

  **3.** **Inadvertent Failure to Designate**

  3.1 Any inadvertent failure to designate Discovery Material as Protected Material shall not constitute a waiver of a Supplying Party's right to so designate such Discovery Material at a later date, provided that the designating Supplying Party, promptly serves a written notice upon the receiving Parties upon learning of the inadvertent failure to designate or incorrect designation, along with a replacement copy of such Discovery Material marked with the appropriate legend.

  3.2 Upon receipt of such replacement copy, the receiving Parties shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery Material within 14 calendar days and certify in writing that they have done so.

  **4.** **Restrictions on Disclosure and Use of Protected Material**

  4.1 Protected Material, and all summaries, compilations, and/or derivatives thereof, whether oral or written, shall be maintained in confidence, and shall be used solely in the preparation, prosecution, or trial of this Action and not for any other purpose, and may be disclosed only as provided in the following paragraphs.

  4.2 Information which has been designated as Highly Confidential may be disclosed to:

(a)     Outside counsel for the respective Parties, including employees of outside counsel, provided that any such person does not participate in the prosecution of any present or future patent applications (including the reexamination or reissue of any present or future patent) that relates to RNAi technology within one year of the completion of this Action, including any appeals;

(b)     Independent, outside consultants/experts for each of the Parties, who are not employed by or affiliated with any of the Parties, but who are specifically engaged by counsel or the Parties to assist in this Action, provided that:

    (i)     Prior to any disclosure, the consultant or expert shall be identified in writing to the other Parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's curriculum vitae and a list of the expert's litigation or consulting engagements for the past three years;

    (ii)    Within ten (10) business days after a Party's receipt of the information and signed undertaking described in paragraph 4.4, the Party may object in writing to the proposed consultant or expert if that Party reasonably believes that it would be harmed by the proposed disclosure.  Failure to object in writing to a proposed consultant or expert within ten (10) business days shall be deemed approval of the expert or consultant, who shall then have access to Protected Material pursuant to the terms and conditions of this Confidentiality Order;

    (iii)   The Parties shall endeavor in good faith to resolve any dispute without calling upon the intervention of the Court.  The burden is on the objecting Party to seek the intervention of the Court by appropriate motion to preclude the proposing

Party from disclosing Protected Material to the consultant or expert. If no such motion is filed within ten business days of receipt of the objection, the proposing Party may disclose Protected Material to the consultant or expert as if no objection had been raised; and

(iv) No Party shall use its right to object to a proposed consultant or expert to unreasonably interfere with the ability of another Party to prepare for trial through the use of consultants and experts;

(c) The Court and its officers, court stenographers, and outside copy services whose function requires them to have access to material designated as Highly Confidential under this Confidentiality Order;

(d) Stenographic and/or videographic reporters engaged in proceedings incident to preparation for trial or trial;

(e) Employees of copy services, trial graphics services, translation services, vendors engaged by counsel for processing electronic information and/or any other outside litigation support;

(f) Any person who is indicated on the face of a document or through the document's metadata to have been an author, addressee, or copy recipient of the document;

(g) Employees of a Party's insurer to the extent necessary for the purposes of this Action;

(h) Persons of the Parties:

(1) CSHL: Vladimir Drozdoff and John Maroney;

(2) R&G: up to fifteen members or employees of the firm, to be identified by R&G at a later date, but prior to any such member or employee receiving

7

        CSHL Highly Confidential information, provided that any such designees are directly involved in preparation, strategy, settlement or trial of this case and (1) do not participate in the prosecution of any present or future patent applications (including the reexamination or reissue of any present or future patent) relating to RNAi technology within one year of the completion of this Action, including any appeals, and (2) are not involved in providing legal services to any third party relating to licensing of RNAi technology, including patents and patent applications relating to RNAi technology within one year of the completion of this Action, including any appeals.

        (3) Vincent: Matthew P. Vincent; and

    (i)    Other persons approved in writing or on the record by the Parties.

4.3    Information that has been designated Confidential may be disclosed only to the persons identified in paragraph 4.2 above and to any other person who is: (a) an employee, researcher, faculty, director, attorney, or trustee at CSHL, provided that any such person is directly involved in preparation, strategy, settlement or trial of this case; or (b) any non-designee member or employee of R&G provided that any such individual is directly involved in preparation, strategy, settlement or trial of this case.

    4.4    Prior to receiving any Protected Material, any persons described in section (b) of paragraph 4.2 above shall be furnished with a copy of this Confidentiality Order and shall execute a copy of the "Undertaking Pursuant to Confidentiality Order" attached hereto as Exhibit A. A copy of such signed Undertaking shall be maintained by counsel for the Party providing access to the Protected Material.

4.5     Nothing in this Confidentiality Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.  Use of Protected Material during depositions shall be subject to compliance with this Order.  In addition,

>   (a)     A Supplying Party and its employees may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced by that Supplying Party;

>   (b)     Former employees, agents, or consultants of a Supplying Party may be examined and may testify concerning all Protected Material produced or designated by that Supplying Party, provided that the Protected Material pertains to the period or periods of his/her employment, agency, or consultancy.

4.6     Nothing in this Confidentiality Order shall preclude any Party from introducing Protected Material into evidence at any evidentiary hearing or at trial in this Action.  However, if anyone intends to introduce or refer to Protected Material at any hearing or trial in this Action, the Party wishing to make the disclosure shall first notify the Supplying Party and remaining Parties and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

4.7     Nothing in the Confidentiality Order shall bar or otherwise restrict any attorney from rendering advice to his or her clients with respect to this Action and, in the course thereof, referring to or relying generally upon his examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the

attorney shall not disclose the Protected Material to an individual not authorized to view Protected Material under sections 4.1-4.6, above.

    4.8    All copies, duplicates, extracts, summaries, or descriptions (hereinafter collectively referred to as "copies") derived from any documents or information subject to this Confidentiality Order, or any portion thereof, shall be affixed with the words "Highly Confidential" or "Confidential" as appropriate (and if those words do not already appear) immediately upon creation of same by a Party.

    4.8    Nothing herein shall be construed to limit in any way a Party's or a third party's use of its own Highly Confidential or Confidential Information.

    4.9    Except as otherwise provided herein, any person receiving documents or information designated as "Highly Confidential" or "Confidential" shall keep all documents secure within his or her exclusive possession and shall place such documents in a secure area.

## 5. Disclosure of Protected Material to the Court

    5.1    No materials designated as "Highly Confidential" or "Confidential," nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials (collectively, "Confidential Records"), shall be filed with the Court except as provided in Paragraph 5.2.

    5.2    Discovery Materials that consist of materials designated as "Highly Confidential" or "Confidential," shall be sealed. All Highly Confidential or Confidential Information that is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers bearing the notation "SEALED PURSUANT TO ORDER OF COURT DATED _____". Said envelope or container shall not be opened without further order of the

Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container.

### 6. Protected Material Subject to Subpoena or Other Compulsory Process

6.1     Nothing in this Confidentiality Order shall prevent a receiving Party from complying with a valid subpoena or other compulsory process that requires production or disclosure of Highly Confidential or Confidential Information, provided, however, that any person in possession of Highly Confidential or Confidential Information who receives a subpoena (or other compulsory process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards or associations) who is not a party to this Confidentiality Order seeking production or other disclosure of Highly Confidential or Confidential Information shall not produce such information without written consent from the Supplying Party, unless that person gives telephonic notice and written notice by email to the Supplying Party enclosing a copy of the subpoena or other compulsory process at least ten (10) days prior to producing such Highly Confidential or Confidential Information, or as soon as practicable.

### 7. Other Remedies And Relief Are Not Limited

7.1     Nothing herein shall prevent any Party or third party from seeking by application to the Court further, greater or lesser protection with respect to the use of any Highly Confidential or Confidential Information in connection with this Action.

7.2     Any Party or third party may move the Court for a modification of or relief from the terms of this Confidentiality Order at any time.

7.3     The entry of this Confidentiality Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

7.4     The entry of this Confidentiality Order shall not be construed as a basis for permitting the production or discovery of Discovery Material that would not otherwise be discoverable but for the existence of the Confidentiality Order.

7.5     Any Party believing that particular information has been improperly marked, i.e., that it is not in fact Highly Confidential or Confidential, may challenge such designation at any time by raising the issue in writing to the Supplying Party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged.  Within ten (10) business days of receipt of such writing, the Supplying Party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith.  The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court.  If the Supplying Party maintains its designation and the parties are unable to reach agreement, the challenging Party may bring the issue to the Court. The Supplying Party shall have the burden of establishing the appropriateness of the designation, except that a Party claiming that information designated under this Confidentiality Order by a Supplying Party is in the public domain shall have the burden of proving such public knowledge. Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

**8.     Inadvertent Production Does Not Waive Privileges**

8.1     The inadvertent production of information or documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other relevant privilege or immunity will not constitute a waiver of the applicable privilege or

immunity. If any such information or document is inadvertently produced in discovery, the recipient of the information or document will, upon request from the Supplying Party, and within ten (10) days of receiving such request: (a) return all copies of the information or documents to the Supplying Party within three business days of receipt of written notice from the Supplying Party; (b) destroy all notes and other work-product reflecting the content of the material and delete the material from any litigation support or other database; and (c) make no further use of such information or documents for any purpose unless and until further order of the Court. To the extent the receiving Party has reason to suspect that material covered by an applicable privilege or immunity has been inadvertently produced, it will promptly notify the Supplying Party and identify the documents in question. The return and destruction of any discovery information or material to the Supplying Party will not in any way preclude the receiving Party from moving the Court for a ruling that (a) the information or document was never privileged, or (b) any privilege or immunity has been waived. In any application to the Court under this paragraph, the allegedly privileged document may, as appropriate, be disclosed by the Supplying Party for *in camera* inspection by the Court, but pending the Court's ruling, may not otherwise be used.

### 9. Inadvertent or Unauthorized Disclosure

9.1 If a receiving Party discloses Protected Material, through inadvertence or otherwise, to any person not authorized under this Confidentiality Order to receive that information, then the receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Confidentiality Order.

9.2     In such event, the receiving Party shall also: (a) promptly inform such person of all the provisions of this Confidentiality Order; (b) identify such person immediately to the remaining Parties or producing third party; and (c) provide such person a copy of this Confidentiality Order.  Upon such receipt of a copy of this Confidentiality Order, any such person shall be subject to its provisions.

9.3     The foregoing shall not relieve a Party of liability, if any, for disclosing Protected Material in violation of this Confidentiality Order.

**10.     Return/Destruction of Protected Material After this Action Ends**

10.1     After termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Highly Confidential or Confidential Information for enforcement of the provisions of this Order following termination of this Action.

10.2     Upon termination of this Action by dismissal, judgment, or settlement, Discovery Materials designated Highly Confidential or Confidential Information shall, at the request of the Supplying Party, be returned to the Supplying Party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the option of the Supplying Party, destroyed in that time frame.  Upon request, each receiving Party shall provide the Supplying Party with a letter certifying that all Protected Material required to be returned or destroyed pursuant to the provisions of this Confidentiality Order has been returned or destroyed.  Nothing contained herein shall prevent designated outside counsel for each Party from maintaining a complete file (including drafts) of each propounded discovery request with its corresponding response, all pleadings, affidavits, motions, briefs, notes, memoranda, email, correspondence, and other

documents or electronically stored information constituting work product that were internally generated based upon or which include Highly Confidential or Confidential Information, and all deposition transcripts together with the exhibits marked at the deposition, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such outside counsel takes appropriate steps to prevent the disclosure of Protected Material contrary to the terms of this Order.  In the event that outside counsel maintains such documents or electronically stored information, it shall not disclose material containing any type of Highly Confidential or Confidential Information to another party absent subpoena or court order.  Upon receipt of any subpoena for Highly Confidential or Confidential Information, the Party receiving the subpoena shall immediately notify the Supplying Party of the subpoena so that the latter may protect its interests.  In the event that Discovery Materials are returned to or destroyed at the request of the Supplying Party, the receiving Party or its outside counsel shall certify in writing that all such Discovery Materials have been returned or destroyed, as the case may be.

### 11. Enforcement of this Order

11.1   In the event anyone shall violate or threaten to violate the terms of this Confidentiality Order, any Party may immediately apply to obtain injunctive relief against any such person.  This shall not be construed as limiting a Party's right to seek other remedies, including damages, if any, in the event of a violation.

11.2   This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11.3    This Court shall retain jurisdiction over the Parties and the subject matter of this Order for the purpose of enforcing its terms.

Dated: August 10, 2010

| SCULLY, SCOTT, MURPHY & PRESSER, P.C. | PATTERSON BELKNAP WEBB & TYLER LLP |
|---|---|
| /s/ Peter I. Bernstein_____<br>Chad E. Ziegler<br>Peter I. Bernstein<br>400 Garden City Plaza, Suite 300<br>Garden City, New York 11530<br>Telephone: (516) 742-4343<br><br>*Attorneys for Plaintiff Cold Spring Harbor Laboratory* | /s/Nicolas Commandeur_____<br>Philip R. Forlenza (prforlenza@pbwt.com)<br>Eugene M. Gelernter (emgelernter@pbwt.com)<br>Nicolas Commandeur (ncommandeur@pbwt.com)<br>Irena Royzman (iroyzman@pbwt.com)<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Telephone:  (212) 336-2000<br>Fax:  (212) 336-2222<br><br>*Attorneys for Defendant Ropes & Gray LLP*<br><br>L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.<br><br>/s/Thomas W. Kirchofer_____<br>Anthony P. Colavita<br>Scott E. Kossove<br>1001 Franklin Ave.<br>Garden City, New York 11530<br>Telephone: (516) 294-8844<br><br>SHERIN and LODGEN LLP<br>Robert J. Muldoon, Jr.<br>Thomas W. Kirchofer<br>101 Federal Street<br>Boston, MA 02110<br>Telephone: (617) 646-2000<br><br>*Attorneys for Defendant Matthew Vincent* |

IT IS SO ORDERED.

DATED:

_____
The Honorable A. Kathleen Tomlinson

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
COLD SPRING HARBOR LABORATORY,  :   No. 09 cv 0661 (ADS) (AKT)

                Plaintiff,  :   ECF Case

                                          :
- against –                    **UNDERTAKING PURSUANT TO CONFIDENTIALITY ORDER**
                                          :

ROPES & GRAY LLP and  :
MATTHEW VINCENT,

                Defendants.
-----------------------------------------------------------------

      1.     I have received a copy of the Confidentiality Order (the "Confidentiality Order") entered by the United States District Court for the Eastern District of New York (the "Court") in the above-referenced action on August __, 2010. I have carefully read and understand all of the provisions of the Confidentiality Order.

      2.     I agree to be bound by all of the provisions of the Confidentiality Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Order, and will not copy or use except for purposes of this action, any information designated as "Highly Confidential" or "Confidential" which I receive in this action. I further agree not to reveal Confidential and/or Highly Confidential Information under this Protective Order, including my copies or notes relating to such Information, to anyone not authorized to have access to such information under the Confidentiality Order.

      3.     I understand a violation of the Confidentiality Order may be punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Confidentiality Order.

     Executed on _____ By: _____