UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10128-RGS

COLD SPRING HARBOR LABORATORY

v.

ROPES & GRAY LLP and MATTHEW P. VINCENT

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO COMPEL

July 19, 2011

STEARNS, D.J.

In this legal malpractice action, plaintiff Cold Spring Harbor Laboratory (CSHL) alleges that defendants Ropes & Gray LLP (R&G) and Matthew P. Vincent, a former partner at R&G, mishandled the prosecution of a series of patent applications on behalf of CSHL before the United States Patent and Trademark Office (PTO). CSHL seeks to compel R&G to produce documents responsive to its document request number 22: "All documents concerning discipline, disbarment, intra-firm investigation, criminal investigation, and/or termination of employment of [Matthew] Vincent in connection with acts giving rise to the claims in this action," limited to documents generated between the time CSHL raised its allegations with R&G in April of 2008, and December of 2008, inclusive. R&G opposes the motion, arguing that its internal investigation of CSHL's claims is protected by the attorney-client privilege and/or work

product immunity. As the party challenging an asserted attorney-client privilege, CSHL carries the burden of establishing that the communications at issue are discoverable. *See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 225 (1st Cir. 2005).

R&G argues that "CSHL previously *expressly agreed* that the exact materials it now seeks would be shielded from disclosure to CSHL." On April 22, 2008, the General Counsel of R&G sent a letter to CSHL stating that "so long as CSHL continues to assert or believe that our Firm has committed malpractice, our continuing to work for CSHL could be viewed to constitute a conflict of interest." R&G requested that CSHL "consent to specifically waive any claim based upon the assertion" that R&G's continued representation of CSHL represents a conflict between the interests of CSHL and the interests of R&G. R&G further stated: "We also request that CSHL agree that it will not challenge any claims by our Firm or its attorneys or patent agents that such communications are appropriately subject to the attorney client privilege and/or work product immunity."

CSHL responded with a letter to R&G dated April 28, 2008, stating in pertinent part:

> CSHL has no problem agreeing that R&G's communications with patent agents and outside counsel for the purpose of addressing CSHL's assertions as you describe them will be protected by the attorney client

> privilege and/or work product immunity. However, there is a threshold issue which must be resolved before CSHL can proceed with a waiver of claims relating to R&G's potential conflict of interest with respect to any actions R&G takes going forward.

CSHL went on to request a "written assurance" from R&G that it would assist with disclosing Vincent's alleged misconduct (copying from a prior patent application) to the PTO. CSHL asserts – and R&G does not dispute – that R&G never provided the requested assurance. R&G contends that through this correspondence, CSHL "*agreed* in writing that the very communications [it] now seeks would be privileged as against CSHL." However, CSHL's letter states only that it "has no problem agreeing that R&G's communications with patent agents and outside counsel" are protected; it does not address communications with in-house counsel or internal investigations. In any case, the correspondence between R&G and CSHL does not constitute an enforceable agreement. At best, CSHL's letter represents a counteroffer that was never accepted.

R&G further argues that even absent an express agreement, the materials in R&G's possession concerning its investigation of CSHL's malpractice allegations are privileged and confidential. CSHL, for its part, argues that R&G's internal investigation is not protected from disclosure based on an attorney-client relationship between R&G and itself as in-house counsel. Indeed, absent an affirmative act on the part of R&G that would have caused CSHL to know that R&G had unequivocally

3

ended its representation, R&G's fiduciary duty to CSHL overrides any claim of privilege. *See Burns ex rel. Office of Pub. Guardian v. Hale & Dorr LLP*, 242 F.R.D. 170, 173 (D. Mass. 2007).

The parties disagree as to when R&G's representation of CSHL concluded. R&G provides notices that it received from the PTO dated June 24, 2008, stating that R&G's power of attorney over two patent applications from CSHL "has been revoked" and transferred to WilmerHale. However, CSHL asserts that R&G continued to represent it in matters before the PTO through December of 2008. CSHL provides a letter from R&G to CSHL dated July 15, 2008, which states:

> We will do what is necessary to act on your behalf in the matters that remain with us while you find new counsel, assuming that you will undertake to effect the transfer expeditiously. If we believe that you are not acting expeditiously, we shall petition the PTO to permit us to withdraw.

Neither party provides evidence showing that R&G subsequently petitioned the PTO to permit it to withdraw from its representation of CSHL with regard to the remaining patent applications. CSHL also provides a letter from R&G to WilmerHale dated December 8, 2008, stating: "we enclose the remainder of the files as requested [by CSHL]," and "[w]e assume that you [WilmerHale] will take care of changing the powers and address for correspondence in these cases. Please send us copies of the revocations for our records. We will contact our foreign agents to inform them that you

4

are now responsible for the prosecution of these cases." This language indicates that R&G continued to hold power of attorney over some of CSHL's patent applications through at least December 8, 2008. Neither party has provided evidence that prior to this date, R&G performed an affirmative act that would have caused CSHL to know that R&G had unequivocally and immediately ended its representation. In the absence of such an act, R&G's fiduciary duty to CSHL overrides its claim of privilege.

## ORDER

For the foregoing reasons, CSHL's motion to compel is <u>GRANTED</u> as to documents generated between April 1, 2008 and December 8, 2008.

SO ORDERED.

s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE