UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLD SPRING HARBOR LABORATORY,<br><br>             Plaintiff,<br><br>      vs.<br><br>ROPES & GRAY LLP and MATTHEW P. VINCENT,<br><br>             Defendants. | Case No. 1:11-cv-10128 (RGS) |

### (REVISED) JOINT PROPOSED PRETRIAL SCHEDULE AND STATEMENT REGARDING THE STATUS OF THE CASE

Pursuant to the Court's January 13, 2012, Order [D.I. 130] and Fed. R. Civ. P. 16(b), Plaintiff Cold Spring Harbor Laboratory ("CSHL") and Defendants Ropes & Gray LLP and Matthew P. Vincent submit this Revised Joint Proposed Pretrial Schedule and Statement Regarding the Status of the Case.

**PROPOSED PRETRIAL SCHEDULE**

1.    Rule 26(f)(3)(A) – *what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

The parties exchanged initial disclosures under Rule 26(a)(1) on June 30, 2010, in accordance with Magistrate Judge Tomlinson's Limited Case Management and Scheduling Order entered June 29, 2010.  D.I. 49.  The parties have agreed to exchange opening expert reports under Rule 26(a)(2), on issues for which a party bears the burden of proof at trial, on the

first day of expert discovery, the parties' respective schedules for which are set forth under the Rule 26(f)(3)(B) topic, below.

2. Rule 26(f)(3)(B) – *the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

   **Subjects on which discovery may be needed:**

   Plaintiff anticipates the following subjects on which discovery may be needed:

   a. prosecution of the Hannon applications by Defendants;

   b. analysis and/or advice by Defendants relating to licensing of the Hannon applications;

   c. alleged failure of Defendants to mitigate the harm caused by their negligence in prosecuting the Hannon applications, including Defendants' refusal to disclose the facts and circumstances of Vincent's conduct in prosecuting the Hannon applications to the United States Patent Office;

   d. allegations and/or evidence of any ethical or criminal violations or negligence or fraud claims or other misconduct involving Defendant Vincent during the time CSHL was a client of Defendants, whether or not directly related to Vincent's prosecution of the Hannon applications or Vincent's fraudulent billing through the IP resource company, and knowledge or awareness of the foregoing by Defendant Ropes & Gray while CSHL was its client;

   e. discipline, disbarment, intra-firm investigation, criminal investigation, and termination of employment of Defendant Vincent in connection with any conduct by Vincent during the time CSHL was a client of Defendants,

whether or not directly related to Vincent's prosecution of the Hannon applications or Vincent's fraudulent billing through the IP Resource Company, for which ethical or criminal violations or negligence or fraud claims or other misconduct are, or have been, alleged, and, knowledge or awareness of the foregoing by Defendant Ropes & Gray while CSHL was its client;

f. Commonwealth of Massachusetts disciplinary proceedings brought against Defendant Vincent;

g. any agreements between Defendants Ropes & Gray and Vincent and any agreements between Defendants and any insurance carrier concerning this litigation or any allegations as set forth in subject c., above;

h. any billing and/or invoices generated in connection with the prosecution of the Hannon applications;

i. The IP Resource Company;

j. damages, including discovery from potential and current third-party licensees of the Hannon technology;

k. Defendants' involvement, affiliation, and/or interaction with third parties in the RNAi field, including, but not limited to, Insert Therapeutics, Calando Pharmaceuticals, and Arrow Research Corporation; and

l. discussions with any third party concerning discipline, disbarment, intra-firm investigation, criminal investigation, and termination of employment of Defendant Vincent.

      <u>Defendants'</u> answers to the Plaintiff's first amended complaint [D.I. 107] are due on February 10, 2012. While Defendants have not yet answered or filed any counter-claims, cross-claims, or affirmative defenses at this time, Defendants anticipate the following subjects on which discovery may be needed:

    a.    direction and filing of the patent applications at issue in the complaint, which have involved at least eight named inventors, numerous personnel at CSHL (including in-house counsel), personnel at Genetica Inc., which was also involved in the early prosecution of the patents, and personnel from at least two law firms other than Ropes & Gray;

    b.    prosecution of the patent applications at issue in the complaint, which have involved at least eight named inventors in the patent applications, numerous personnel at CSHL, personnel at Genetica Inc., and personnel from at least two law firms other than Ropes & Gray:

    c.    licensing efforts by CSHL or Genetica, Inc. related to the patent applications at issue in the complaint;

    d.    efforts towards the creation or support of start-up companies by CSHL or Genetica, Inc. for commercialization of patent applications at issue in the complaint;

    e.    development of the purported invention at issue in the complaint, including any work performed by current or former scientists affiliated with CSHL and any work performed by other organizations in collaboration with CSHL, including but not limited to Genetica, Inc.;

      f.      prior art to the purported invention at issue in the complaint, including any knowledge of such art held by current or former scientists affiliated with CSHL;

      g.      RNAi and shRNA technology generally; and

      h.      Plaintiff's alleged damages.

**When discovery should be completed:**

The parties have been unable to agree on a discovery schedule.

Plaintiff's Proposed Schedule

Plaintiff seeks a scheduling order immediately permitting the parties to undertake any discovery authorized under the Federal Rules of Civil Procedure. Accordingly, Plaintiff proposed the following schedule:

| | |
|---|---|
| Completion of Fact Discovery, with exceptions made for good cause. | September 10, 2012 |
| Expert Report on Issues for Which Party Bears Burden | October 12, 2012 |
| Opposition Expert Report | November 16, 2012 |
| Completion of Expert Discovery | January 18, 2013, |
| Dispositive Motion Deadline | February 15, 2013 |
| Joint Pretrial Order | April 12, 2013 |

Plaintiff proposes a case management conference every 3 months.

Defendants' Proposed Schedule

Defendants propose the following schedule, which includes a date by which the parties' production in response to the first requests for documents must be completed and a date before which fact depositions may not be taken. Defendants have substantially completed their production in response to Plaintiff's first requests, but as is explained in Defendants' opposition

to Plaintiff's most recent motion to compel [D.I. 125], Defendants are still largely without any useable production from Plaintiffs. As a matter of orderly discovery, fact depositions should not commence prior to document production. Any depositions taken prior to the Defendants' receipt of Plaintiff's documents, with time to review the documents, will likely be incomplete and deponents may need to be recalled for additional testimony.

Defendants also note that the Plaintiff's claims implicate the research and knowledge of a number of named inventors on the patent applications at issue in Plaintiff's complaint. Many of these inventors are not employees of Plaintiff and, despite requests by Defendants, Plaintiff has not yet informed Defendants whether these individuals are represented by Plaintiff's counsel. While Defendants will attempt to obtain the testimony and documents through third party subpoenas if necessary, Defendants understand that not all of the named inventors are residents of the United States, and anticipate that discovery requests may need to be made pursuant to the Hague Convention. As this process can be time consuming and unpredictable, Defendants have noted an exception to the close of fact discovery on October 15, 2012.

| | |
|---|---|
| Deadline for Joinder of Additional Parties and Amendment of Pleadings | July 16, 2012 |
| Deadline for production of documents responsive to the parties' first requests for the production of documents | March 30, 2012 |
| First day on which fact depositions may be taken | May 15, 2012 |
| Completion of Fact Discovery, with exceptions made for good cause | November 1, 2012 |
| Expert Reports on Issues for which the Party Bears the Burden of Proof | November 30, 2012 |
| Rebuttal Expert Reports | January 14, 2013 |
| Completion of Expert Discovery | February 28, 2013 |
| Dispositive Motion Deadline | April 8, 2013 |

3. Rule 26(f)(3)(C) – *any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.*

Magistrate Judge Tomlinson ordered the parties' joint proposal regarding the production of electronically stored information ("ESI"). D.I. 52. Plaintiff may seek a modification of the ESI Order.

4. Rule 26(f)(3)(D) – *any issues about claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.*

Magistrate Judge Tomlinson ordered the parties' joint proposed protective order. D.I. 51. The parties do not intend to seek any changes to the Order at this time. Based on Plaintiff's responses to date, Defendants anticipate that they may need the Court's assistance in obtaining documents involving communication between Plaintiff and its in-house counsel with respect to the matters at issue in the complaint, as well as the documents involving communications between Plaintiff and other outside counsel with respect to these same issues. Defendants will raise these matters with the Court if the parties are unable to resolve their differences.

In response to Plaintiff's Motion to Compel Documents Responsive to Request 16, for which the Court heard arguments on January 10, 2012, the parties understand that R&G will produce a privilege log for those documents responsive to this request that are withheld based on privilege, and that further instructions from the Court related to Plaintiff's motion may be forthcoming.

5. Rule 26(f)(3)(E) – *what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

Rather than 10 depositions of seven hours duration, Plaintiff proposes 70 total hours of depositions within which up to fifteen depositions of no more than seven hours each may be taken. Plaintiff does not anticipate more than 10 fact depositions, including depositions under 30(b)(6) at this time. Plaintiff anticipates limited third-party discovery from three to six vendors of reagents. Plaintiff proposes that expert discovery not count towards the limits imposed by the rule.

Defendants propose to expand the 10 deposition limit to 15 party depositions, and request additional time for expert depositions and third-party depositions. Defendants anticipate a significant number of third-party fact depositions, as seven of the eight inventors named on the patent applications at issue in this dispute are not employees of any party, CSHL has apparently attempted to license the patent applications at issue in this action to many companies, and a number of law firms have been involved in prosecuting the patent applications at issue in this action. Defendants anticipate the need for at least four subject areas of expert testimony: (1) the science underlying the patent applications at issue in this dispute; (2) the licensing of such patent applications; (3) the standard of care for attorneys prosecuting patents; and (4) alleged damages.

6. Rule 26(f)(3)(F) – *any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

The parties do not contemplate any other orders that the Court should issue under Rules 26(c) or 16(b) and (c) at this time.

**JOINT STATEMENT REGARDING STATUS OF THE CASE**

This is an action for legal malpractice and fraud based upon the alleged mishandling of the prosecution of a series of patent applications on behalf of CSHL before the United States Patent and Trademark Office by the Defendant Ropes & Gray and by Matthew Vincent, then a partner at Ropes & Gray. Suit was filed in the United States District Court for the Eastern District of New York in February, 2010, and the Plaintiff's motion to file an amended complaint was granted on July 29, 2011.

In March, 2010 Defendants moved to dismiss the case under Rule 12(b)(6) and 12(b)(3). The case was transferred to the District of Massachusetts in January, 2011, on the Defendants' Rule 12(b)(3) motion. Defendants' Rule 12(b)(6) motion was denied on January 13, 2012, and Defendants' answers are due on February 10, 2012.

<u>Discovery to Date</u>

During the pendency of Defendants' Rule 12 motions, the parties have conducted limited document and interrogatory discovery in accordance with Magistrate Judge Tomlinson's Limited Case Management and Scheduling Order entered June 30, 2010. D.I. 49. Judge Tomlinson's Order set a deadline for the parties to complete initial disclosures as required by Rule 26(a) by June 30, 2010. This deadline was met by the parties. The Order required First Requests for Production of Documents and First Requests for Interrogatories to be exchanged by August 10, 2010. This deadline was met by the parties. The Order also required the parties to provide Responses to the First Requests for Production and Interrogatories by September 27, 2010. This deadline was also met by the parties, although document production in response to these requests is still continuing. A Status Conference was held before Judge Tomlinson on November 16, 2010.

Defendants have identified certain issues with the documents already produced by CSHL, which have impacted Defendants' ability to review the materials. The parties are conferring in an effort to resolve these issues. The parties are also conferring regarding certain objections to document production that have been interposed by CSHL. Defendants anticipate filing a motion to compel the production of documents in the near future if the parties are unable to resolve these issues.

Dated: January 27, 2012

| MIRICK, O'CONNELL, DeMALLIE & LOUGEE LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
|---|---|
| /s/ John O. Mirick | /s/ Sarah Levin Goodstine |
| John O. Mirick | Sarah Levin Goodstine (BBO #664112) |
| 100 Front Street | Philip R. Forlenza (prforlenza@pbwt.com) |
| Worcester, MA 01608-1477 | (admitted *pro hac vice*) |
| Telephone: (508) 791-8500 | Nicolas Commandeur (ncommandeur@pbwt.com) |
| Fax: (508) 791-8502 | (admitted *pro hac vice*) |
| | Irena Royzman (iroyzman@pbwt.com) |
| | (admitted *pro hac vice*) |
| SCULLY, SCOTT, MURPHY & PRESSER, P.C. | 1133 Avenue of the Americas |
| | New York, New York 10036 |
| Chad E. Ziegler (admitted *pro hac vice*) | Telephone: (212) 336-2000 |
| Peter I. Bernstein (admitted *pro hac vice*) | Fax: (212) 336-2222 |
| 400 Garden City Plaza, Suite 300 | |
| Garden City, New York 11530 | *Attorneys for Defendant Ropes & Gray LLP* |
| Telephone: (516) 742-4343 | |
| | SHERIN and LODGEN LLP |
| *Attorneys for Plaintiff Cold Spring Harbor Laboratory* | |
| | /s/ Thomas W. Kirchofer |
| | Robert J. Muldoon, Jr. (BBO#359480) |
| | rjmuldoon@sherin.com |
| | Thomas W. Kirchofer (BBO #666798) |
| | twkirchofer@sherin.com |
| | R. Victoria Fuller (BBO #666494) |
| | vfuller@sherin.com |
| | 101 Federal Street |
| | Boston, MA 02110 |
| | 617.646.2000 |
| | |
| | *Attorneys for Defendant Matthew Vincent* |