UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
COLD SPRING HARBOR LABORATORY,                :
                                              :
                              Plaintiff,      :      CIVIL ACTION NO. 11-cv-10128-RGS
                                              :
                   - against -                :
                                              :
ROPES & GRAY LLP and                          :
MATTHEW P. VINCENT,                           :
                                              :
                              Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM IN SUPPORT OF DEFENDANT MATTHEW P. VINCENT'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES

Defendant Matthew P. Vincent ("Vincent") moves to compel the Plaintiff, Cold Spring Harbor Laboratory ("CSHL"), to submit further answers to Vincent's *First Interrogatories to Plaintiff Cold Spring Harbor Laboratory*.  First, CSHL has refused to answer Vincent's damages interrogatory.  Although CSHL has alleged damages in this case of $82,500,000, it has refused to respond to an Interrogatory requesting that it "describe all methods, calculations and information used to derive your damages figures…"  CSHL's objections are meritless, as is its attempt to rely on Fed. R. Civ. P. 33(d), and the Court should order CSHL to answer the Interrogatory.  Further, CSHL has not complied with Fed. R. Civ. P. 33 and provided signed answers to Vincent's interrogatories under oath.

## Background

In its Amended Complaint ("Complaint") CSHL alleged it incurred damages of "at least $37,500,000 to $82,500,000" caused by alleged malpractice. (Docket #107 at ¶ 87).  CSHL also

alleged that it "spent hundreds of thousands of dollars on legal fees that would not have been necessary had Vincent and R&G met their duties of care, a total which it expects will "expects … to be no less than $1,000,000." Id. at ¶ 85.

CSHL made the following initial disclosure pursuant to Rule 26(a)(1)(A)(iii):

| Category | Computation |
|---|---|
| Lost Revenue | At least $37,500,000 to $82,500,000 |
| Additional attorneys' fees incurred | No less than $500,000 |
| Disgorgement | No less than $1,400,000 |
| Fraudulent invoices | No less than $9,487, plus punitive damages |

On August 10, 2010, Vincent served a First Set of Interrogatories. (Relevant pages attached at Exhibit A hereto).  CSHL responded on September 27, 2010 with its *Response to Defendant Matthew P. Vincent's First Set of Interrogatories* .  (Relevant pages attached as Exhibit B hereto).  That response was not signed by an officer or agent of CSHL under oath. After counsel for Vincent requested that CSHL supply a signature, CSHL submitted a verification page on November 15, 2010, which verified CSHL's answers to "Supplemental" responses to interrogatories 13, 15, 16, 17 and 18.[1]  CSHL has not submitted signed answers to the remainder of the interrogatories.

In Interrogatory Number 2 ("Interrogatory 2"), Vincent requested that CSHL "[d]escribe all methods, calculations and information used to derive your damages figures alleged in the Complaint and referenced in Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(1)."  (See Exhibit A at 5).  Notwithstanding the calculations it had performed to assert the damages referenced in its Complaint and initial disclosures, CSHL objected to Interrogatory 2 and claimed

---

[1] CSHL actually submitted two pages on November 15, 2012: a Certificate of Service for a "Supplemental Response to Defendant Matthew P. Vincent's First Set of Interrogatories" and the verification page signed by John P. Maroney (the complete submission is attached as Exhibit C). However, CSHL included no "supplemental" responses, meaning it is unclear which responses Mr. Maroney read and verified.

it was "premature."  (See Exhibit B at 4-5).  Subject to that objection, CSHL answered the

interrogatory as follows:

> Plaintiff used a broad-based licensing model common to academic
> institutions and actually employed by Plaintiff with respect to the
> Hannon technology.  A request for production is a more practical
> method of obtaining the information sought and Plaintiff is
> producing documents in response to a similar request from
> defendant in its document requests.

Id.

CSHL nowhere described its "broad-based licensing model" and did not specify

particular records or documents "in sufficient detail to enable [Vincent] to locate and identify

them as readily as [CSHL] could" as required by Fed. R. Civ. P. 33(d).  Vincent was unable to

determine CSHL's method for calculating damages based on that response.  During a conference

to discuss CSHL's response to Interrogatory 2, and presumably in further reliance on Fed. R.

Civ. P. 33(d), CSHL's counsel orally identified more than 900 pages of documents as responsive

to Interrogatory 2.  CSHL continued to refuse to provide a written response to Interrogatory 2

and a written description of its method of calculating damages.  Vincent has been unable to

determine CSHL's method for calculating damages from review of those 900 pages of

documents, which seem to consist of licensing contracts and CSHL's annual reports.

Accordingly, on July 3, 2012, counsel for Vincent again raised with CSHL's counsel the issue of

CSHL's response to Interrogatory 2.  Counsel for CSHL said they would not discuss the issue

without a written request for a conference.  On July 3, 2012, counsel for Vincent therefore

emailed a written request for a discovery conference requesting a prompt response.  CSHL has

not responded and has not participated in a conference on this issue.

<u>Argument</u>

**I.     CSHL May Not Refuse To Describe Its Method of Calculating Damages**.

CSHL may not refuse to answer Interrogatory 2 and should disclose how it calculated the sums it claims as damages.  "Pursuant to Rule 33(a), a party may serve interrogatories on any other party that relates to any matter that may be inquired into under Rule 26(b)."  <u>Vazquez-Fernandez v. Cambridge College, Inc.</u>, 269 F.R.D. 150, 155 (D. P.R. 2010).  A properly served Interrogatory must "to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3). "It is well settled that: [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden ... [T]he "mere statement by a party that the interrogatory ... was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." ... "On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." <u>Vazquez-Fernandez</u>, 269 F.R.D. at 155-56 (quoting <u>Aponte-Navedo,. v. Nalco Chemical Co.</u>, 268 F.R.D. 31, 36-38 (D.P.R.2010)) (alterations in original).

Here, Vincent has sought disclosure of CSHL's method for calculating damages.  Such information is relevant information under Fed. R. Civ. P. 26.  Indeed, damages discovery is mandatory and a party's failure "to provide any specifics regarding how the lion's share of their damages is calculated … cannot be condoned."  <u>Wells Fargo Bank, N.A. v. Wasserman</u>, CA 10-61 S, 2011 WL 3878368, *4, 10 (D.R.I. July 15, 2011) <u>report and recommendation adopted,</u> CA 10-61 S, 2011 WL 3878362 (D.R.I. Sept. 1, 2011) (dismissing counterclaim where defendants failed to fully answer interrogatory asking that they "Itemize all your damages in this matter, including … all computations that you made to determine the alleged amount of damages."). <u>See also</u> <u>Automed Technologies v. Knapp Logistics & Automation, Inc.</u>, 382 F. Supp. 2d 1368,

1370 (N.D. Ga. 2005) (compelling answer to damages interrogatory in patent infringement case; "Defendant is entitled to a clear articulation of the damages Plaintiff alleges.").

Moreover, CSHL concedes the information is relevant and discoverable, and has not refused to answer Interrogatory 2 on the grounds of relevance. Rather, CSHL has refused to answer Interrogatory 2 purportedly in reliance on Rule 33(d) and oral reference to 900 pages of documents. CSHL may not do so.

To rely on Rule 33(d), CSHL must show (1) that "the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served"; (2) that it would be burdened "if it were required to answer the interrogatories in the traditional manner," and (3) that the "... burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Sabel v. Mead Johnson & Co., 110 F.R.D. 553, 555-56 (D. Mass. 1986). Further, when responding to an Interrogatory by reference to business records pursuant to Fed. R. Civ. P. 33(d), "[a] respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." Fed. R. Civ. P. 33 (1970 advisory committee notes on former Rule 33(c)). "[A]nswering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33." Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 93 (1st Cir. 2012) (upholding dismissal of suit for noncompliance with orders to answer interrogatories and produce documents by date certain).

Here, CSHL has admitted that it performed calculations to come up with its claimed damages, but refused to describe the "methods, calculations and information used to derive [the] damages figures" or describe the "broad-based licensing model" it "actually used." CSHL has not established that there is any burden in describing for Vincent in response to Interrogatory 2

Case 1:11-cv-10128-RGS   Document 173   Filed 07/12/12   Page 6 of 8

its method and its calculation of damages.  Instead, CSHL (orally) directed Vincent to root

through more than 900 pages of documents in search of the damages.  Those documents do not

disclose or contain CSHL's method for calculating damages and Vincent is unable to "derive or

ascertain" from those documents CSHL's methodology or computation.  <u>Sabel</u>, 110 F.R.D at

555.  CSHL cannot avoid its obligation to answer properly served interrogatories by referring

generally to "documents" or even specifically to 900 pages of documents which do not answer

the interrogatory as framed or provide enough information to discern the answer.

Ultimately, CSHL used some methodology to calculate the damages figures it cited in its

Complaint and in its initial disclosures.  CSHL cannot satisfy its burden of showing why it

should not have to answer Interrogatory 2 and say where and how it obtained or generated those

damages amounts.  The Court should order CSHL to answer Vincent's Interrogatory No. 2.

> **II.    CSHL's Failure to Respond to Vincent's Request for a Discovery Conference
> Provides a Separate Basis for Allowing this Motion.**

Pursuant to L.R. 37.1(a), the "[f]ailure of opposing counsel to respond to a request for a

discovery conference within seven (7) days of the request shall be grounds for sanctions, which may

include automatic allowance of the motion."  This Court appropriately grants a motion to compel

under L.R. 37.1 where a party fails to respond to a request for a discovery conference.  <u>See</u>, <u>Cohen v.</u>

<u>City of Newton</u>, 248 F.R.D. 92, 92 (D. Mass. 2008).

Here, counsel for CSHL simply refused to discuss their response to Interrogatory No. 2

on July 3, 2012, directing counsel for Vincent to send them a written request for a conference.

Counsel for Vincent sent such a request that day, but CSHL made no response.  Therefore, the

Court should grant this motion.

00426428.DOCX/3                                                            - 6 -

### III.        CSHL Failed to Sign its Interrogatory Responses Under Oath.

In addition, CSHL failed to comply with Rule 33 because nobody has signed its answers to interrogatories under oath.  When it submitted its *Response to Defendant Matthew P. Vincent's First Set of Interrogatories* CSHL included no verification page.  After Vincent requested an appropriate verification, CSHL submitted a separate verification page signed by John P. Maroney on November 15, 2010 in which he verified "Supplemental" answers to Interrogatories 13, 15, 16, 17 and 18 (even though CSHL served no Supplemental answers at that time).  (See Exhibit C).  Although it provided substantive answers to interrogatories numbered 2, 4, 5, 6, 7, 8, 10, 11, 12, and 14, CSHL did not answer these Interrogatories under oath as required by Rule 33.

WHEREFORE, for the reasons stated above, Vincent respectfully asks that the Court:

(1) order CSHL to answer Interrogatory 2,

(2)  order CSHL to submit signed answers to the remainder of Vincent's Interrogatories under oath pursuant to Fed. R. Civ. P. 33(b)(3) and (5).


Dated:  July 12, 2012

                                        MATTHEW P. VINCENT

                                        By his attorneys

                                        By:  /s/Thomas W. Kirchofer
                                        Robert J. Muldoon, Jr. (BBO # 359480)
                                        rjmuldoon@sherin.com
                                        Debra Squires-Lee (BBO # 633619)
                                        Dsquireslee@sherin.com
                                        Thomas W.Kirchofer (BBO # 666798)
                                        twkirchofer@sherin.com
                                        Sherin and Lodgen LLP
                                        101 Federal St.
                                        Boston, MA 02110
                                        617-646-2000

00426428.DOCX/3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 12th day of July, 2012.

 /s/Thomas W. Kirchofer

## CERTIFICATE PURSUANT TO LOCAL RULES 37.1 AND 7.1

I certify that prior to serving this motion, counsel for Vincent made good-faith attempts to confer by telephone with counsel for Plaintiff in an effort to resolve or narrow the issues presented by this Motion.  In February 2012, I conferred with counsel for CSHL, who told me orally that information responsive to Interrogatory No. 2 could be found in a certain Bates range of more than 900 pages in CSHL's document production.  CSHL did not, at that time, supplement the Interrogatory.  I reviewed the specified documents and was not able to discern any "methods or calculations" used to calculate the alleged damages.  On a telephone call with counsel for CSHL on July 3, 2012, I again attempted to raise the issue of CSHL's response to Vincent's damages interrogatory, but counsel said they would not discuss the issue at that time.  Counsel for CSHL asked that I send a written request for a conference.  I sent such a request that same day, asking counsel for CSHL to contact me for a discussion by close of business on Monday, July 9, to confer about CSHL's Interrogatory response.  CSHL did not contact me.

Further, I conferred with CSHL's counsel on November 2 and 3, 2010 (a Tuesday and Wednesday) about CSHL's failure to submit signed answers to Vincent's Interrogatories under oath.  CSHL agreed to produce a signed verification page for the *Response to Matthew P. Vincent's First Set of Interrogatories* by the end of that week.  However, on November 15, 2010, CSHL sent me a "Verification" for "Supplemental" responses to the Interrogatories, but the signature only verified "Supplemental" responses to Interrogatory Nos. 13 and 15-18.  No supplemental responses were served at that time.

/s/Thomas W.Kirchofer