UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

------------------------------- x

COLD SPRING HARBOR LABORATORY,  :
                                                 CIVIL ACTION NO. 11-CV-10128-RGS
            Plaintiff,  :

      - against -  :

ROPES & GRAY LLP and  :
MATTHEW P. VINCENT,
                         :
           Defendants.
------------------------------- x

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF
<u>EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

To:    The Senior Master of the Queen's Bench Division,
        Royal Courts of Justice,
        London
        England

Pursuant to the Hague Convention of 18 March 1970 on Taking Evidence Abroad in Civil or Commercial Matters, I, Richard G. Stearns, Judge of the United States District Court for the District of Massachusetts, respectfully request the assistance of your Court with regard to the following matters:

a)    The action now pending in the United States District Court for the District of Massachusetts is entitled as follows:

<u>Cold Spring Harbor Laboratory v. Ropes & Gray LLP and Matthew P. Vincent</u> Civil Action No. 11-CV-10128-RGS.

b) The names and address of the representatives or agents for the parties are as follows:

| | |
|---|---|
| Vladimir Drozdoff<br>Cold Spring Harbor Laboratory<br>One Bungtown Road<br>Cold Spring Harbor, NY 11724<br>USA | Philip Forlenza<br>Nicolas Commandeur<br>Irena Royzman<br>Regina Won<br>Patterson, Belknap, Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>USA |
| Chad Ziegler<br>Peter Bernstein<br>Scully, Scott, Murphy & Presser P.C.<br>400 Garden City Plaza, Suite 300<br>Garden City New York 11530 | **Attorneys for Defendant, Ropes & Gray LLP** |
| John O. Mirick<br>John T. McInness<br>Miric, O'Connell, De Mallie & Lougee<br>1700 Bank of Boston Tower<br>100 Front Street<br>Worcester, MA 01608<br>**Attorneys for the Plaintiff, Cold Spring Harbor Laboratory** | Robert Muldoon<br>Debra A. Squires-Lee<br>Thomas W. Kirchofer<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, MA 02110<br>USA<br>**Attorneys for Defendant, Matthew P. Vincent** |

c) The action involves a claim by the Plaintiff, a summary of the details of which are as follows:

1. The Plaintiff has asserted a claim against the Defendants for legal malpractice in relation to Defendants' preparation of a family of patent applications filed in the area of RNA interference ("RNAi"). These applications include, among others, U.S. Provisional Patent Application 60/189,739, U.S. Provisional Patent Application 60/243,097, International Patent Application PCT/US01/08345, U.S. Patent Application 09/866,557, and U.S. Patent Application Number 09/858,862, U.S. Patent Application Number 10/055,797 (collectively, the "RNAi applications")

2. The Plaintiff alleges that the Defendants negligently prepared some of these applications on behalf of the Plaintiff by copying text from a different patent

2

application by Dr. Andrew Fire, International Patent Application PCT/US98/27233, published on July 1, 1999 with International Publication Number WO/99/32619.

3. The Plaintiff contends that Defendants' actions have injured Plaintiff in the tens of millions of dollars, where these damages are alleged to be caused by lost licensing and business opportunities as a result of patents not issuing from the RNAi applications earlier than they did.

6. The Defendants deny the Plaintiff's allegations.

7. Dr. David Beach is an inventor on a number the RNAi applications. Dr. Beach is also the former President of a company that he founded by the name of Genetica, Inc. ("Genetica"). Dr. Beach is not a party to this litigation and has not alleged malpractice with respect to these applications.

8. Dr. Gregory Hannon is another inventor on the RNAi applications, and is also a co-founder of Genetica. Dr. Hannon is currently an employee of Plaintiff.

d) Defendants contend that Plaintiff's allegations do not state a claim for malpractice. Defendants will also contend at least the following points as to the allegations of malpractice: (1) that Dr. Beach and Genetica directed the RNAi applications from 2000 to 2003; (2) that the applicants were aware that the filed applications were submitted in a competitive and crowded field in which many scientific developments were made prior to the work described in the RNAi applications; and (3) that Dr. Beach, Genetica, and CSHL attempted to sell or license the technology described in the RNAi applications without success.

e) It is necessary for the administration of justice and for the due determination of the matters in dispute between the parties that you cause the following witness, who is

resident within your jurisdiction, to be examined. The name and address of the witness is as follows:

1. David Beach, Flat 15 Springwalls Wharf, 25 Bermondsey Wall West, London SE16 4TL.

f) The witness should be examined under oath or affirmation, pursuant to your laws or our Federal Rules of Civil Procedure, in accordance with whatever procedure your laws provide for in these matters.

g) The witness should be examined regarding the following facts and matters:

1. With respect to contention number 1, Defendants seek oral evidence for the sole purpose of obtaining evidence that would be directly admissible at trial as to:

(a) the witness's knowledge of the preparation and filing of the RNAi applications, including the decisions to file applications and what to include in them;

(b) the witness's knowledge the relationship between Genetica and CSHL with respect to the RNAi applications;

(c) the witness's knowledge of the selection of Defendant Matthew P. Vincent as prosecution counsel for the RNAi applications, including any prior experience that the witness or Genetica had with Dr. Vincent, and payments made to Dr. Vincent for work performed in connection with the RNAi applications; and

(d) the witness's knowledge of payments or funding provided by Genetica for the scientific work described in the RNAi applications and any grants to Genetica in connection with RNAi research;

4

2. With respect to contention number 2, Defendants seek oral evidence for the sole purpose of obtaining evidence that would be directly admissible at trial as to:

(a) the witness's knowledge of the work of other scientists with respect to RNAi in mammalian cells from 1998-2003, including the work of Dr. Andrew Fire, Dr. Thomas Tuschl, Dr. Petr Svoboda, Dr. Florence Wianny, and Dr. Magdalena Zernicka-Goetz, all of whom published articles and/or submitted patent applications related to RNAi during this time period, and communications with Dr. Hannon and/or Plaintiff, regarding this work;

(b) the witness's knowledge of the work described in the RNAi applications and the disclosure of that work to the scientific community, including in applications and publications; and

(c) the witness's knowledge of communications with Dr. Hannon and/or the Plaintiff regarding the development of the work described in Genetica's RNAi applications and how this work fit in with other scientists' developments with respect to the use of RNAi in mammalian cells.

3. With respect to contention number 3, Defendants seek oral evidence for the sole purpose of obtaining evidence that would be directly admissible at trial as to:

(a) the witness's knowledge of any efforts to sell or license the technologies described in the RNAi applications, including any communications with Dr. Hannon, the Plaintiff, and/or potential licensees or purchasers regarding these efforts; and

    (b) the witness's knowledge of any payments made to the witness, Genetica, Dr. Hannon, and/or Plaintiff in relation to the licensing or sale of the technologies described in the listed applications.

h)  It is respectfully requested that the witness further be required to produce prior to his examination the following documents:

  1. With respect to oral evidence request (see paragraph g) number 1, relating to contention number 1, Defendants seek documents concerning (a) the preparation and filing of the RNAi applications, including the decisions to file applications and what to include in them; (b) the relationship between Genetica and CSHL with respect to the Genetica applications; (c) the selection of Defendant Matthew P. Vincent as prosecution counsel for Genetica and the RNAi applications, including prior experience that Dr. Beach or Genetica had with Dr. Vincent, and payments made to Dr. Vincent for work performed in connection with the RNAi applications; and (d) payments or funding provided by Genetica for the scientific work described in the RNAi applications and any grants to Genetica in connection with RNAi research.

  2. With respect to oral evidence request number 2, relating to contention number 2, Defendants seek documents concerning (a) the work of other scientists with respect to RNAi in mammalian cells from 1998-2003, including the work of Dr. Andrew Fire, Dr. Thomas Tuschl, Dr. Petr Svoboda, Dr. Florence Wianny, and Dr. Magdalena Zernicka-Goetz, all of whom published articles and/or submitted patent applications related to RNAi during this time period, and communications with Dr. Hannon and/or Plaintiff regarding this work; (b) the work described in the RNAi applications and any patent applications, publications, press releases or communications disclosing that work to the

   scientific community; (c) communications between Dr. Beach and Dr. Hannon and/or the Plaintiff regarding the development of the work described in Genetica's RNAi applications and how this work fit in with other scientists' developments with respect to the use of RNAi in mammalian cells.

3. With respect to oral evidence request number 3, relating to contention number 3, Defendants seek documents concerning (a) Dr. Beach's, Genetica's, and/or Plaintiff's efforts to sell or license the technologies described in the RNAi applications to third parties; and (b) payments made to Dr. Beach, Genetica, Dr. Hannon, and/or Plaintiff in relation to the licensing or sale of the technologies described in the listed applications.

j) It is proposed that the examination of the witness take place at the offices of Powell Gilbert LLP, 85 Fleet Street, London EC4Y 1AE as follows:

  David Beach - 18 September 2012 at 10:00 a.m or at a date prior to October 12, 2012 that is suitable for the witness.

k) It is respectfully requested that you cause all documents to be produced to Defendant R&G 14 days prior to the date of the examination to be duly marked for identification at the examination, with costs of production to be borne by Defendant R&G.

l) Finally, it is respectfully requested that you cause the evidence of the witnesses to be videotaped, transcribed, and reduced to writing, and that you authenticate such examinations by the seal of your Court or in such other way as is in accordance with your procedures, and that you return the written testimony and documents produced addressed to me as follows:

  Richard G. Stearns
  United States District Court
   for the District of Massachusetts
  John Joseph Moakley U.S. Courthouse
  1 Courthouse Way

Boston, MA 02210
USA

_____
Richard G. Stearns
District Judge

Dated: July 22, 2012